IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY A. PICKENS,

    Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-2305
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Deavers

## OPINION AND ORDER

On December 27, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 8.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

This case involves Petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated burglary, violation of a protection order, and domestic violence. Petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that his sentences on aggravated burglary and violation of a protection order should have been merged, and that he was denied the effective assistance of trial counsel based on his attorney's failure to raise the issue at sentencing. The Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner maintains that the state appellate court incorrectly determined that he committed two separate criminal acts, and that this factual finding is objectively unreasonable, as he acted with one intent – *i.e*., that of retrieving his cellular phone. Petitioner maintains that the trial court properly merged his convictions on domestic violence and violation of a protective order, and therefore should also have merged his convictions on aggravated burglary and violation of a protection order. According to Petitioner, application of Ohio Revised Code § 2941.25, regarding the merger of multiple counts, and the Ohio Supreme Court's decisions in *State v. Johnson*, 128 Ohio St.3d 153 (Ohio 2010), and *State v. Ruff*, 143 Ohio St.3d 114 (Ohio 2015), demonstrate that his convictions on aggravated burglary and violation of a protection order violate the Double Jeopardy Clause.

For the reasons discussed by the Magistrate Judge, this Court is not persuaded by Petitioner's arguments. The state appellate court found that, although it is possible by the same conduct to commit both an aggravated burglary and a violation of a protective order under Ohio law, that Petitioner's convictions on such offenses did not merge in view of the particular facts of this case. Petitioner testified that he arrived at the residence of Tameka Ervin intending only to retrieve his cell phone, but he kicked in the front door and entered the home, chasing her with a hammer and inflicting physical harm when she refused to comply. The state appellate court's conclusion that these facts established two offenses with a separate animus as to each – as Petitioner's conduct resulting in the violation of the protection order was clearly separate from his conduct in kicking in the door, chasing her with a hammer and causing physical harm – was not unreasonable so as to justify federal habeas corpus relief. *See* 28 U.S.C. § 2254(d), (e). Further, this Court defers to the state court's construction of its own statutes concluding that the

offenses in question did not constitute allied offenses of similar import.  *See Kilby v. Court of Common Pleas of Montgomery County*, No. 3:14-cv-317, 2015 WL 1729881, at *2 (S.D. Ohio April 13, 2015).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 9) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

Date: January 24, 2017

                                                            _____s/James L. Graham_____
                                                            JAMES L. GRAHAM
                                                            United States District Judge