IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY A. PICKENS,

      Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:15-CV-02305
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On January 24, 2017, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 11.) This matter is before the Court on Petitioner's February 24, 2017, *Notice of Appeal* and *Motion for Certificate of Appealability*. (ECF Nos. 12, 13.) For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 13) is **DENIED.**

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated burglary, violation of a protection order, and domestic violence. He asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that his sentences for aggravated burglary and violation of a protection should have been merged, and that he was denied the effective assistance of trial counsel because his attorney failed to raise the issue at sentencing. The Court dismissed these claims on the merits.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)

(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Petitioner has failed to meet this standard here.  His claims plainly fail to warrant relief.  The Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed Petitioner's claims on the merits.

Therefore, Petitioner's *Motion for Certificate of Appealability* (ECF No. 13) therefore is **DENIED.**

**IT IS SO ORDERED**.

Date: February 27, 2017

                                                                                           _____s/James L. Graham_____
                                                                                           JAMES L. GRAHAM
                                                                                           United States District Judge